

ONE RIVERFRONT PLAZA
1037 Raymond Blvd., Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

July 27, 2017

**VIA ECF AND FIRST-CLASS MAIL**
Honorable Lois H. Goodman, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *United Therapeutics Corp. v. Watson Laboratories, Inc.*
        Civil Action No. 3:15-cv-05723-PGS-LHG

Dear Judge Goodman:

     This firm, together with Winston & Strawn LLP, represents Defendant Watson Laboratories, Inc. in the above-referenced matter. We write on behalf of Plaintiff and Defendant, enclosing, for the Court's consideration, a joint stipulation and proposed order staying the above-referenced matter pending resolution of two recently-filed IPRs on two of the patents-in-suit. If the stipulation and proposed order is acceptable to the Court, we respectfully request its entry.

     By way of background, this matter is a Hatch-Waxman patent case involving five patents: U.S. Patent Nos. 6,521,212 ("the '212 patent"), 6,756,033 ("the '033 patent"), 8,497,393 ("the '393 patent"), 9,339,507 ("the '507 patent"), and 9,358,240 ("the '240 patent"). The case is currently set to begin a bench trial in front of Judge Sheridan on September 20, 2017.

     One of the patents-in-suit, the '393 patent, was determined to be invalid by the United States Patent and Trial Board ("PTAB") in a Final Written Decision issued on March 31, 2017 in IPR 2016-0006. UTC has appealed the PTAB's Final Written Decision to the United States Court of Appeals for the Federal Circuit, which has set an expedited briefing schedule on UTC's appeal, with briefing scheduled to be completed by September 7, 2017.

     Two additional patents-in-suit, the '507 and '240 patents, are currently the subject of IPRs in the PTAB, which seek a determination that the asserted claims of the '507 and '240 patents are invalid. The parties anticipate that the PTAB will issue a decision on whether to institute trial on Watson's requested IPRs by the end of 2017. If instituted, the PTAB is expected to issue a final written decision on the merits within one year of institution.

     In light of the co-pending proceedings related to certain of the patents-in-suit, the parties agree that judicial and party resources can be conserved by temporarily staying the current litigation, including all pretrial and trial deadlines, until resolution of the IPR proceedings on the '507 and '240 patents, either through the PTAB declining to institute trial, or through a written

decision on the merits.  At a minimum, the related proceedings may streamline or eliminate the issues to be tried in the above-referenced matter.

As always, the parties thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or require anything further.

        Respectfully submitted,

        *s/Liza M. Walsh*

        Liza M. Walsh

cc:    All Counsel of Record (via ECF and email)